## A. J. COTTON, in Error, v. JOHN E. DROMGOOLE.

EXECUTION. *Time of issuance. Practice.* While it is not objectionable that an execution in another county be issued more than thirty days after the execution is certified from the county where the suit is pending, it is not so where the latter execution is certified more than thirty days after its issuance.

Case cited: *Rogers* v. *Wilder*, 1 Swan, 21.

Code cited: §3073.

### FROM BEDFORD.

Appeal from the Circuit Court. WM. H. WILLIAMSON, Judge.

E. COOPER for Cotton.

. No signature to brief for Dromgoole.

A. J. Cotton, in Error, *v.* John E. Dromgoole.

McFARLAND, J., delivered the opinion of the Court.

The petition for writs of error and supersedeas was properly dismissed:

1st. If it be regarded as an application to bring up the cause from the Justice of the Peace, for a new trial, and such evidently was the purpose of the petition, then it is a conclusive answer to say that the Circuit Court of Bedford County has no jurisdiction to bring up a cause from a Justice of the Peace of Rutherford for a new trial. *Rogers* v. *Wilder*, 1 Swan, 21.

If, on the other hand, it be conceded that this may be treated as an application to bring up the execution issued by the Justice of Bedford County, to have it quashed upon the ground that it is void, in which case the Circuit Court of Bedford would have jurisdiction, then it is clear that the execution is not void, and there is no ground for quashing it. The execution from Rutherford County was duly certified in conformity with the Code, §3073, on the same day it issued, and is regular. It is no ground of objection that the execution in Bedford County was issued more than thirty days after the execution from Rutherford County was certified. It would be different, if the latter execution had been certified more than thirty days after its issuance.

There is no error, and the judgment will be affirmed.